1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:96-cr-475-KJM-EFB-P

12              Respondent,

13        vs.                               FINDINGS AND RECOMMENDATIONS

14   ALLEN RAY JORDAN,

15              Movant.

16

17        Movant Allen Ray Jordan is a federal prisoner proceeding pro se with a motion to vacate,

18   set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  Jordan challenges his sentence of

19   360 months in prison on charges of conspiring to manufacture methamphetamine, in violation of

20   21 U.S.C. §§ 846, 841(a)(1); attempting to manufacture methamphetamine, in violation of 21

21   U.S.C. §§ 846, 841(a)(1); and maintaining a place for manufacturing methamphetamine, in

22   violation of 21 U.S.C. § 856.  He seeks post-conviction relief on the grounds that his sentence

23   allegedly was imposed in violation of his Sixth Amendment right to trial by jury.  Upon careful

24   consideration of the record and the applicable law, the court recommends that Jordan's § 2255

25   motion be denied.

26   /////

27   _____

28   [1]  This motion was assigned, for statistical purposes, the following civil case number: No.
     2:14-cv-1280-KJM-EFB.

                                            1

**I. Procedural Background**

On October 1, 1998, a jury convicted Jordan of one count of conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count One); one count of attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (Count Two); and one count of maintaining a place for manufacturing methamphetamine, in violation of 21 U.S.C. § 856 (Count Three). *United States v. Jordan*, 291 F.3d 1091, 1093 (9th Cir. 2002). Prior to his sentencing proceedings, Jordan filed written objections to the presentence report, in which he argued that pursuant to *Jones v. United States*, 526 U.S. 227 (1999), the government must allege in the indictment and prove to a jury beyond a reasonable doubt that the drug quantity attributable to Jordan was greater than fifty grams in order to make him eligible for the maximum sentence of life imprisonment. *Id.* at 1094. The district court rejected this argument and sentenced Jordan to concurrent terms of life imprisonment on Counts One and Two and twenty years imprisonment on Count Three. *Id.*, ECF No. 277.

Jordan filed an appeal of his sentence. ECF No. 282. Among other claims, he argued that:

> the district court erred by sentencing him under 21 U.S.C. § 841(b)(1)(A)(viii), for a crime involving more than 50 grams of methamphetamine, because drug quantity was not charged in the indictment. Jordan claims he should be resentenced under 21 U.S.C. § 841(b)(1)(C), for a crime involving an indeterminate amount of drugs, with a maximum sentence of 20 years for each count, rather than the maximum sentence of life imprisonment under § 841(b)(1) (A)(viii).

*Jordan*, 291 F.3d at 1094. While Jordan's appeal was pending, the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Relying on *Apprendi*, the Ninth Circuit remanded the matter to the district court for resentencing. Specifically, the court held:

> Drug quantity was neither charged in the indictment, nor submitted to the jury and proved beyond a reasonable doubt. The district court therefore erred when it sentenced Jordan above the default maximum sentence for a crime involving an indeterminate quantity (twenty years per count), sentencing him instead to the maximum sentence for a crime involving 50 grams or more of methamphetamine (life imprisonment).

*Id.* at 1095.

On remand, the district court resentenced Jordan to 240 months on Count One, 60 months on Count Two, and 60 months on Count Three, to be served consecutively, for a total sentence of 360 months in prison.  ECF No. 329.  Jordan filed an appeal of this sentence, raising the following claims: (1) it was a violation of the *Apprendi* decision for the district court to sentence him "to a term of imprisonment exceeding the statutory maximum for each count because drug quantity was not charged and proved to a jury;" (2) the district court erred in imposing his sentence consecutively; and (3) the holding of *United States v. Palafox*, 764 F.2d 558 (9th Cir. 1985) barred the imposition of consecutive sentences in this case.  *United States v. Jordan*, 88 F. App'x. 247, at *1 (9th Cir. 2004).  The Court of Appeals rejected Jordan's arguments and affirmed his sentence of 360 months in prison.  *Id.*

Jordan then filed a petition for certiorari in the United States Supreme Court.  While the petition for certiorari was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005).  The Supreme Court granted certiorari and remanded the matter to the Ninth Circuit for further consideration in light of *Booker*.  *Jordan v. United States*, 543 U.S. 1003 (2005).  The Ninth Circuit then remanded the case to the district court with the same instructions.  *United States v. Jordan*, 120 F. App'x. 205 (2005).  Upon remand, the district court sentenced Jordan to the same 360 month sentence that it had earlier imposed.  ECF No. 381.  In doing so, the court found by clear and convincing evidence that Jordan's methamphetamine laboratory was capable of manufacturing at least 3 kilograms of methamphetamine.  *Id.*

Jordan again appealed his sentence after remand.  ECF No. 386.  By order effective October 16, 2008, the Ninth Circuit affirmed Jordan's sentence, concluding that the district court's finding regarding the capacity of the methamphetamine laboratory was "well supported" by the trial record and was appropriate for purposes of setting Jordan's offense level.  *United States v. Jordan*, 273 F. App'x. 690 (2008).  *Id.*  The appellate court also found that Jordan was not entitled to an evidentiary hearing in order to rebut the drug quantity computations in the presentence report or in the district court's sentencing order, that no error occurred under *In re Winship*, 397 U.S. 358, 363-64 (2006), and that it was not unreasonable for the district court to impose consecutive sentences.  *Id.*

1  Jordan filed the instant § 2255 motion more than five years later, on May 23, 2014.  The

2  government filed a response on November 20, 2014, and Jordan filed a reply on January 20,

3  2015.[2]

4  **II.  Applicable Law**

5  A federal prisoner making a collateral attack against the validity of his or her conviction

6  or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to

7  28 U.S.C. § 2255, filed in the court which imposed sentence.  *Tripati v. Henman*, 843 F.2d 1160,

8  1162 (9th Cir. 1988).  Under § 2255, the federal sentencing court may grant relief if it concludes

9  that a prisoner in custody was sentenced in violation of the Constitution or laws of the United

10  States.  *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  To warrant relief, a

11  petitioner must demonstrate the existence of an error of constitutional magnitude which had a

12  substantial and injurious effect or influence on the guilty plea or the jury's verdict.  *Brecht v.*

13  *Abrahamson*, 507 U.S. 619, 637 (1993).  Relief is warranted only where a petitioner has shown "a

14  fundamental defect which inherently results in a complete miscarriage of justice."  *Davis v.*

15  *United States*, 417 U.S. 333, 346 (1974).

16  Under § 2255, "a district court must grant a hearing to determine the validity of a petition

17  brought under that section, '[u]nless the motions and the files and records of the case conclusively

18  show that the prisoner is entitled to no relief.'"  *United States v. Blaylock*, 20 F.3d 1458, 1465

19  (9th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255).  The court may deny a hearing

20  if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so

21  palpably incredible or patently frivolous as to warrant summary dismissal."  *United States v.*

22  *McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted).  To warrant a

23  hearing, therefore, the movant must make specific factual allegations which, if true, would entitle

24  /////

25  _____

26  [2]  Jordan requests that the government's response be stricken from the record because it
was not served on Jordan and was unresponsive to his arguments.  ECF No. 411 at 2-4.  The

27  record reflects that Jordan received a copy of the government's response prior to the filing of his
traverse.  The court does not find good cause to strike the government's response and has

28  reviewed all of the pertinent filings in this matter.

4

1   him to relief.  *Id.*  Mere conclusory assertions in a § 2255 motion are insufficient, without more,

2   to require a hearing.  *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir.1980).

3   **III.  Jordan's Claims**

4        Jordan raises two claims for federal habeas relief based on the United States Supreme

5   Court decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).  First, Jordan

6   argues that the district court violated his Sixth Amendment right to a jury trial when it made a

7   finding regarding the lab capacity of the methamphetamine lab in order to increase his sentence

8   beyond the statutory minimum sentence for his crime.  ECF No. 397 at 4.  Specifically, he claims:

9
10
11
12
13

> It is undisputed that the drug quantity that enhanced Jordan's mandatory minimum sentence was neither charged in the indictment, nor found beyond a reasonable doubt by the jury.  The drug quantity finding in Jordan's sentencing was as a consequence of judicial fact finding by a preponderance of the evidence, and it was that drug quantity fact finding that caused the minimum sentence to be increased above the mandatory minimum sentence allowed by law.

\* \* \*

14
15
16
17

> The reality of Jordan's case is that the sentence imposed was constitutionally impermissible, if imposed today, because the sentence resulted from judicial fact finding by a preponderance of the evidence, and that fact finding increased Jordan's statutory mandatory minimum sentence, and that increase in the statutory mandatory minimum sentence violated the Sixth Amendment.

18   *Id.* at 15, 16.  In his second claim for relief, Jordan argues that *Alleyne* applies retroactively to this

19   case.  *Id.* at 5.

20        In *Alleyne*, the United States Supreme Court overruled *Harris v. United States*, 536 U.S.

21   545 (2002), and held that any fact that increases the mandatory minimum sentence for a crime is

22   an element of the offense that must be charged in the indictment, submitted to the jury and found

23   beyond a reasonable doubt.  *Alleyne*, 133 S.Ct. 2151.  Assuming arguendo that the holding in

24   *Alleyne* applies to this case, the decision does not provide Jordan with a basis for relief because it

25   is not retroactively applicable to cases on collateral review.  The Ninth Circuit, as well as every

26   other Circuit court to have considered this issue, has concluded that *Alleyne* does not apply

27   retroactively to cases that became final before that decision was announced.  *See Hughes v.*

28   *United States*, 770 F.3d 814, 818-19 (9th Cir. 2014); *In re Mazzio*, 756 F.3d 487, 491 (9th Cir.

1    2014); *see also United States v. Reyes*, 755 F.3d 210, 212 (3d Cir. 2014); *In re Kemper*, 735 F.3d

2    211, 212 (5th Cir. 2013); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013); *In re Payne*,

3    733 F.3d 1027, 1029–30 (10th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.

4    2013); *Chester v. Warden*, No. 12-15119, 552 Fed. Appx. 887, 891 (11th Cir. 2014); *United*

5    *States v. Stewart*, 540 F. App'x. 171, 2013 WL 5397401, at *1 n.1 (4th Cir. Sept.27, 2013);

6    *Broussard v. United States*, No. 1:03-CR-05054, 2014 WL 3530003, at *4 (E.D. Cal. July 15,

7    2014) (noting that district courts in the Ninth Circuit have "uniformly" concluded that the

8    decision in *Alleyne* is not retroactive, and citing cases).

9           Jordan's motion is also untimely.  Title 28 U.S.C. § 2255(f) establishes a one year

10   limitations period for motions filed under § 2255.  In relevant part, the one-year limitations period

11   runs from "the date on which the judgment of conviction becomes final," (§ 2255(f)(1)), or "the

12   date on which the right asserted was initially recognized by the Supreme Court, if that right has

13   been newly recognized by the Supreme Court and made retroactively applicable to cases on

14   collateral review."  28 U.S.C. § 2255(f)(3).  Jordan argues that the instant motion is timely based

15   on 28 U.S.C. § 2255(f)(3).  ECF No. 397 at 10, 12; ECF No. 411 at 4-5, 10-13.  However, Section

16   2255(f)(3) is not applicable in this case because the United States Supreme Court did not

17   explicitly make the decision in *Alleyne* retroactively applicable to cases on collateral review and

18   subsequent Circuit Court decisions have clarified that *Alleyne* is not retroactive.  *Dodd v. United*

19   *States*, 545 U.S. 353, 357-58 (2005).  *Alleyne* did not create a newly recognized right to be

20   applied retroactively.  Accordingly, the statute of limitations for Jordan's § 2255 motion began to

21   run on the date on which Jordan's judgment of conviction became final.

22          Jordan's conviction became final 90 days after the October 16, 2008 judgment issued by

23   the U.S. Court of Appeals for the Ninth Circuit, when the time for filing a petition for certiorari

24   elapsed.  *See* United States Supreme Court Rule 13.1; *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6

25   (1987) (a case is final when "a judgment of conviction has been rendered, the availability of

26   appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari

27   finally denied").  The one year statute of limitations expired one year after that date, on

28   /////

approximately January 16, 2010.  Jordan's motion, which was filed on May 23, 2014, is therefore untimely and should be denied on that basis as well.[3]

**IV. Conclusion**

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.   Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

2.   The Clerk be directed to close the companion civil case, No. 2:14-cv-1280-KJM-EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  December 12, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3]   Jordan has made no showing that he is entitled to equitable tolling of the applicable statute of limitations.

7