UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Allen Ray Jordan,<br><br>　　　　Defendant. | No. 2:96-cr-475-GEB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582 AND AMENDMENT 782 TO THE UNITED STATES SENCTENING GUIDELINES** |

　　　　Defendant Allen Ray Jordan, a federal prisoner, moves for reduction of his sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 782 to the United States Sentencing Guidelines lowers his offense level and authorizes the court to reduce his sentence from 360 months to 324 months. Def. Mot. to Reduce Sentence ("Def. Mot."), ECF No. 414. The United States filed an opposition to the motion. Gov't Opp'n, ECF No. 423. Defendant filed a reply. Reply, ECF No. 424.

　　　　Defendant was initially sentenced to life in prison following a jury verdict finding him guilty of the following charges in the Superseding Indictment: Count One, conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1); Count Two, attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1); and Count Three, maintaining a place for manufacture of methamphetamine in violation of 21 U.S.C. § 856. Defendant appealed his sentence and other issues, and the Ninth Circuit vacated his sentence,

1

inter alia, in United States v. Jordan, 291 F.3d 1091, 1094 (9th Cir. 2002), stating inter alia, "[b]ecause of the Supreme Court's shift of direction in Apprendi[ v. New Jersey, 530 U.S. 466 (2000)], and [Ninth Circuit] subsequent precedent, . . . Jordan is entitled to [sentencing] relief."

Subsequently, the District Court sentenced Defendant to 360 months in prison, as follows: 240 months on Count One, a consecutive 60 months on Count Two, and a consecutive 60 months on Count Three. Defendant appealed that sentence and the Ninth Circuit affirmed. Defendant appealed the affirmance to the United States Supreme Court, which remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). On remand, the sentencing judge took "a fresh look at [the] 3553 [factors, since] Booker made the guidelines advisory" and ultimately imposed the same 360-month prison sentence. Tr. Of Sent'g to Def. Allen Ray Jordan held on 1/24/06 before Hon. Frank C. Damrell, Jr. ("Sent'g Tr."), 15:17, :19-20 (No. Cr. S-96-475-FCD), ECF No. 390. Defendant appealed that sentence. It was affirmed. Defendant then filed a petition for writ of certiori with the United States Supreme Court for review of the Ninth Circuit's affirmance; the petition was denied.

Defendant contends in the sentencing reduction motion sub judice that his 360-month prison sentence should be reduced under § 3582(c)(2) since Amendment 782 to the Sentencing Guidelines lowers his offense level and his advisory guideline imprisonment sentencing range. Section 3582(c)(2) prescribes:

> The court may not modify a term of imprisonment once it has been imposed except . . . in the case of a defendant who has been

> sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission [and] upon motion of the defendant . . . .

If a defendant qualifies for a sentencing reduction under § 3582(c), the federal court may reduce a defendant's term of imprisonment if the reduction is warranted by "the factors . . . in section 3553(a) . . . [and it] is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The United States Supreme Court explains in Dillon v. United States, 560 U.S. 817, 826-827 (2010), when determining whether a sentence reduction is appropriate:

> A court must first determine that a reduction is consistent with § 1B1.10 [of the United States Sentencing Guidelines] before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).
>
> . . . At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.
>
> . . . .
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under

3

> the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Defendant contends he qualifies to have his sentence reduced, as follows:

> Under the 2011 version of the [Federal Sentencing G]uidelines [M]anual, Mr. Jordan's base offense level was 38 because he was responsible for [1.5 KG or more of Methamphetamine (actual)]. PSR at p. 7-9. Two levels were added for possession of a firearm, and two levels were added for his testimony at trial constituting obstruction of justice for a total offense level of 42 [and a sentencing range of 360 months to life in prison]. PSR at p. 8-9.
>
> Under the recent amendment and the 2016 [United States Sentencing Commission G]uidelines [M]anual, the base offense level associated with Mr. Jordan's convictions drops by two, to 36. See U.S.S.G. § 2D1.1(c)(2) (2016 ed.) Applying the enhancements his total offense level is now 40 and the amended guideline range is 324-405 months.

Def. Mot. 4:3-12. The United States agrees with this contention, stating, "[a]pplying the first step identified in Dillon, the defendant is correct that Amendment 782 reduced the guideline range applicable in his case [to a new guideline range of 324 to 405 months]." Gov't Opp'n 3:22-23. The record reveals that Defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" to a new advisory guideline range of 324 to 405 months; therefore, "the court may reduce [Defendant's] term of imprisonment," if a reduction is warranted under "factors . . . in section 3553(a) . . . ." 18 U.S.C. § 3582(c)(2).

4

The parties dispute whether Defendant should receive a reduction under step two of the Dillon analysis. Defendant argues:

> A reduction to 324 months is warranted in Mr. Jordan's case [because t]here are no factors to suggest that Mr. Jordan should get a sentence higher than the low end of the guideline range. Mr. Jordan has been an exemplary prisoner and has worked in UNICOR consistently over the past 20 years. See Attachment A. The requested reduced sentence still results in a substantial sentence and will mean his release date will be in approximately 2019. In light of the reduced guidelines, a sentence at the low-end of the new sentencing guidelines range is certainly sufficient, but not greater than necessary to meet the goals of 18 U.S.C. §3553.

Def. Mot. 4:23, :28-5:6. The United States opposes reducing Defendant's sentence, arguing:

> In [applying step two of Dillon to Defendant's] case, the nature of the offense conduct, the nature and characteristics of the defendant, the need to protect the public from future crimes of the defendant, the repeated instances of [the District Court's] imposition of a sentence of 360 months in prison even after Booker, and the need to support unwarranted sentencing disparities all support a sentence of 360 months.
>
> The nature of the offense and need to protect the public are demonstrated in the defendant's arsenal of firearms, a homemade hand grenade, and a clandestine fully-functioning methamphetamine lab at the time of his arrest. PSR ¶¶ 16-20. This defendant was not a first time, non-violent offender; instead, he was a sophisticated large-scale criminal. Making matters worse, the district court found that the defendant committed perjury in his trial in an effort to mislead the jury. PSR ¶ 20. Indeed, the defendant already received a windfall based upon caselaw developments because he initially received a life sentence. A sentence of 360 months in prison is well within the . . . defendant's revised guideline range and does not represent an unreasonable sentence if

defendant's convictions occurred today.

Gov't Opp'n 4:15-5:4. Defendant replies as follows:

> The government sets forth no new information to suggest that Mr. Jordan is not entitled to application of the reduced guidelines. Most likely, with everything being equal, Mr. Jordan today would again receive a low-end guidelines sentence that equals 27 years in prison for manufacturing methamphetamines. There is no reason not to grant him the reduction that the now-lowered sentencing guidelines provide retroactively.
>
> Indeed, the new information is that Mr. Jordan, who is now 64 years old, has served the last 20 years as a model prisoner, completing the RDAP program, being placed in the lowest security level camp, and working for Unicor. See Attachment to Dkt 414. Mr. Jordan has participated in all programs available to him and has had no disciplinary actions while in custody. The information before the Court demonstrates that Mr. Jordan has done exactly what was hoped, that he would take the opportunity of prison time to rehabilitate.

Reply 2:2-12.

At the sentencing hearing on remand, the sentencing judge explained the reason Defendant received the sentence he seeks to have reduced, discussed the seriousness of Defendant's offenses, and expressed credibility concerns he had about Defendant's allocution, as follows:

> Unfortunately, in my view, the allocution, your statement, is not as forthcoming as I would like . . . . I have to understand what's going on not only at the prison, what's going on in your mind and what's going on particularly with respect to remorse and acknowledgement.
>
> . . . .
>
> But more importantly, what concerns me is the comment that you're not a violent person. I mean, drugs have been a part of your life, but so have weapons. And not just

6

> any kind of weapons. You had a virtual little Army in your house. Multiple weapons, grenades, loaded weapons. I think 15 or 16 weapons, automatic weapons, hand grenades, explosives. You had weapons at the site of the lab . . . . [Y]ou said nothing about that [in your allocution]. Nothing about the fact that you had a stolen loaded Ruger Blackhawk, .357 caliber revolver.
>
> I think you also had, again, a semi-automatic assault weapon with ammunition. Then you [had a] young boy[, your nephew,] come[] up with his girlfriend . . . . In fact, he was involved. [W]hen they [went] to your house, . . . you and your wife at the time had four loaded handguns, loaded double-barrel shotgun, 11 other unloaded handguns and rifles and ammunition, five grenade trailing devices with pin activators, a homemade-fashioned hand grenade consisting of a grenade trailer placed in a quantity of black powder and surrounded by duct tape. And I hear nothing about that. That's one area that I feel your allocution falls way, way short.
>
> And to simply say you're not violent, sir, is simply not truthful. You are clearly a person . . . that has [a] type of destructive capability and had weapons in the past, I think that deserves an explanation which I have not received.

Sent'g Tr. 32:14-15, 33:5-8, :21-34:22. The sentencing judge's statements evince his concern about the grave danger Defendant's criminal ventures posed to the community and Defendant's lack of remorse and candor about the potential violence involved with his criminal activities. Defendant appeared oblivious to the serious risk of harm he posed to others by his possession of multiple weapons and ammunition, including automatic weapons, five grenade trailing devices with pin activators, and a homemade-fashioned hand grenade consisting of a grenade trailer placed in a quantity of black powder and surrounded by duct tape. However, Defendant argues his motion should be granted because he has been a model

7

prisoner during his incarceration; specifically, he has completed the drug abuse program, been placed in a lower security camp, and has been working in prison. Defendant's post-sentencing accomplishments are commendable, but they do not warrant reducing his sentence in light of the following § 3553(a) sentencing goals, which have paramount importance in determining the sentence reduction motion: the nature and circumstances of the offense, the need to protect the public from further crimes of Defendant, the need to ensure that the sentence affords adequate deterrence of Defendant and others from engaging in such criminal activities, and the need to provide Defendant with just punishment for the offenses.

Therefore, Defendant's motion for sentence reduction is denied.

Dated: September 7, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge